## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**STEPHON L. TRAMBER**                                                                     **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 4:08CV-P115-M**

**LT. BILL BILLINGS** *et al.*                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss Plaintiff's complaint.

### I. SUMMARY OF CLAIMS

Plaintiff Stephon L. Tramber initiated this civil rights action pursuant to 42 U.S.C. § 1983 while incarcerated at the Daviess County Detention Center. Plaintiff has sued Lieutenant Bill Billings, Captain Howard, and Jailer David Osborne. Each Defendant is sued in both his official and individual capacity. Plaintiff is seeking both monetary and injunctive relief. Plaintiff states that he has a criminal case pending in Jefferson County Criminal Court. Plaintiff states that he has "already took my time for these charges and I'm currently serving a l year . . . I've told Capt Howard and Cpt Billings about my situation and I need legal help to get this resolved. They keep telling me the law library at this facility is unavailable. not only that but they told me that they do not have a legal-aid or help or give any concern in helping any legal actions concerning inmates." Since filing this action, Plaintiff has been transferred to the Fulton County Detention Center.

### II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

2

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing")). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578. Here, while Plaintiff is understandably frustrated with the difficulties he encountered with the legal library, he has not alleged that these difficulties actually prevented him from filing a motion in his criminal case. As such, he does not have standing to bring such a claim, and the Court must dismiss it.

Additionally, Plaintiff's claim for injunctive relief has been mooted by his transfer to the

Fulton County Jail.  *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred).  Here, it is clear that Plaintiff would derive no benefit from granting the requested injunctive relief.

      For the reasons set forth above, the Court will enter a separate order of dismissal.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       Daviess County Attorney

4414.008